IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

       Plaintiff,            :          Case No. 3:96-cr-098(2)

                                           District Judge Walter Herbert Rice
     -vs-                               Chief Magistrate Judge Michael R. Merz

                                :

RANDALL E. LUCAS,

       Defendant.

---

**REPORT AND RECOMMENDATIONS**

---

       This case is before the Court on Defendant's Motion to Correct Presentence Investigation Report (Doc. No. 639) and subsequent Motion to Amend and Supplement Previously Filed Motion, to Proceed *pro se in forma pauperis*, and for Discovery and Production (Doc. No. 647).

       The first of these motions was filed October 14, 2003, and the latter on November 22, 2004. The Government has not responded because Defendant failed to serve copies on the United States. Both Motions were referred to the Magistrate Judge on January 4, 2006. Although a Motion to Correct Clerical Error under Fed. R. Crim. P. 36 is not a dispositive motion, the body of these two motions makes it clear Defendant is seeking relief in the form of an amendment of judgment such that an order denying relief would be dispositive by analogy to a motion under 28 U.S.C. §2255.

       Defendant purports to seek correction of a clerical error under Fed. R. Civ. P. 36. That Rule relates to requests for admission in civil cases and is not applicable to a criminal case. The Court assumes Defendant intended Fed. R. **Crim.** P. 36, which does authorize correction of clerical errors. The Defendant as a *pro se* litigant is entitled to a liberal construction of his papers. *Westlake v.*

*Lucas*, 537 F.2d 857 (6th Cir. 1976), citing *Haines v. Kerner*, 404 U.S. 519, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972).

**Original Motion**

As the Court reads Defendant's initial Motion, he seeks to have paragraphs 63 and 64 of the Presentence Investigation Report corrected. The claimed clerical error is that in these two paragraphs $7,006 in currency seized from the Defendant when he was arrested on unrelated charges was converted to an equivalent amount of crack cocaine for purpose of calculating the amount of crack cocaine attributable to Defendant for sentencing purposes under the Sentencing Guidelines. Defendant's claim seems to be that the $10,706 seized from him that day was unrelated to his drug offenses because the arrest was on unrelated charges. For relief, the Defendant requests that these paragraphs be changed and that he be resentenced "as agreed upon for a total of 232 grams." (Doc. No. 639 at 3.)

Defendant is not entitled to the relief he seeks for a number of reasons.

First of all, the error which Defendant claims is not a "clerical" error within the meaning of Fed. R. Crim. P. 36. That Rule was adopted in 1944 to mirror Fed. R. Civ. P. 60(a). A clerical error occurs when the paper portion of the record does not accurately reflect what the writer intended. So, for example, Judge Rice imposed the sentence on each count of conviction to run concurrently. If the typist who created the judgment had written "consecutively" instead, that would be a clerical error which could be corrected under Fed. R. Crim. P. 36. There is, however, absolutely no evidence that any clerical error was made in typing the Presentence Investigation Report.

The Court does not understand Defendant to be claiming that there was a real "clerical" error in the sense just explained. Instead, Defendant seems to be claiming that he should not have been

burdened with the additional cocaine attributed to him by converting the seized cash to crack cocaine. The result of that was to increase the offense level under the Sentencing Guidelines. Defendant insists he should have been sentenced as if he was only involved with 232 grams of crack cocaine.

However, this kind of change in the sentencing calculation – which is a substantive change – cannot be made on a motion under Fed. R. Crim. P. 36, which is only for the correction of clerical errors. Assuming that attributing the additional crack to Mr. Lucas was a violation of the plea agreement, he would have had to raise that claim on appeal from his sentence, because it clearly was already of record when the time came to take a direct appeal. That issue was not raised on direct appeal and is not among the issues adjudicated by the Court of Appeals when it affirmed the conviction and sentence (Doc. No. 570).

Other than direct appeal, the only avenue a defendant would have to seek a correction of the type Mr. Lucas seeks would be by a Motion to Vacate or Correct the Judgment under 28 U.S.C. §2255. Mr. Lucas filed such a motion (Doc. No. 598) but did not raise this claim in that Motion. If Mr. Lucas wanted to file a successive §2255 motion, he would have to obtain permission of the Court of Appeals and in any event he would probably be barred by the one-year statute of limitations. Because Defendant has not labeled his Motion as being under §2255 and would face these obstacles in any event, the Court will not construe the Motion as being intended to be under §2255.

Lastly, even if this Court were able to reach the merits of Mr. Lucas' claim, the Motion would be without merit. Although Mr. Lucas' **arrest** which led to the currency seizure was for the unrelated offense of felonious assault (pistol whipping someone), that does not mean the **currency** was unrelated to the drug offenses. In the PSI the Probation Officer gives the specific reason for concluding that $7,006 of the seized money was related to the drug offenses.

The original Motion to Correct under Fed. R. Crim. P. 36 should be denied.

**Supplemental Motion**

In his Supplemental Motion (Doc. No. 647), Defendant seeks leave to proceed *in forma pauperis*. That request is moot as there are no fees associated with these Motions.

In his Supplemental Motion, Defendant claims that there are gross errors in the Presentence Investigation Report, that he is the victim of prosecutorial misconduct, that he received ineffective assistance of counsel from his trial attorney Daniel J. O'Brien, and that as a result he is serving a grossly disproportionate sentence. He claims the benefit of the decisions in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 2355, 147 L.Ed.2d 435 (2000), and *Blakely v. Washington*, 542 U.S. ___, 124 S.Ct. 2531, 159 L. Ed. 2d 403 (2004). Although he does not say so explicitly, Defendant appears to seek the same relief on the Supplemental Motion as sought in the original, to wit, resentencing.

The Supplemental Motion also does not show that Mr. Lucas is entitled to the relief he requests. This is true for all the reasons given with respect to the original Motion. In addition, the decisions in Apprendi and Blakely do not apply retroactively and Mr. Lucas was convicted before these decisions were handed down. *Goode v. United States*, 305 F. 3d 378 (6th Cir. 2002). Defendant's Supplemental Motion should also be denied.

January 4, 2006.

s/ **Michael R. Merz**
Chief United States Magistrate Judge

United States District Court for the Southern District of Ohio
Western Division at Dayton

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 59(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within ten days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).

H:\DOCS\Lucas, Randall R. 36 R&R.wpd